IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL FUERST,

                          Petitioner,

   v.                                                          OPINION & ORDER

ROBERT HUMPHREYS,[1]                                          14-cv-556-jdp

                        Respondent.

---

     Petitioner Daniel Fuerst, a state inmate confined at the Kettle Moraine Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the $5 filing fee. Petitioner challenges his November 1999 conviction in the Circuit Court for Chippewa County of first-degree sexual assault of a child. (According to court records, in 2002 petitioner filed a habeas corpus petition challenging this same conviction, but that petition was dismissed without prejudice so that he could pursue certain claims in state court. *See* Case No. 02-cv-322-bbc.) The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. In reviewing this pro se petition, I must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

     Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. According to the

---

[1] As an initial matter, I note that when petitioner originally filed this petition, he was in custody at the Redgranite Correctional Institution, where Michael Meisner was the warden. He has since been transferred to the Kettle Moraine Correctional Institution, where Richard Humphreys is the warden. Pursuant to Fed. R. Civ. P. 25(d), I have substituted Warden Humphreys as the proper respondent in this matter.

Court of Appeals for the Seventh Circuit, this rule "enables the district court to dismiss a petition summarily, without reviewing the record at all, if it determines that the petition and any attached exhibits either fail to state a claim or are factually frivolous." *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). The petition must cross "some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). In addition, district courts are permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

The state will not be required to answer the petition at this time, for two reasons. First, it is unclear why petitioner thinks he is in custody in violation of the Constitution, laws, or treaties of the United States. Petitioner asserts that he is innocent and that the court, prosecutor, and his trial lawyer all committed legal "deficiency issues/wrongs" that led to his conviction. However, he does not specify what these errors were. There is simply not enough information in the petition to permit this court to find that petitioner has stated a plausible claim for relief.

Second, the petition appears to be untimely. The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year statute of limitations for all habeas proceedings running from certain specified dates. 28 U.S.C. § 2244. The one-year limitation period begins to run from the latest of:  (1) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which any state impediment to filing the petition was removed; (3) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or (4) the date on

which the factual predicate of the claims could have been discovered through the exercise of due diligence. *See* § 2244(d)(1)(A)-(D). Although it is not clear from the petition exactly when his conviction became final by the conclusion of direct review, a review of the state court docket sheet (available at https://wcca.wicourts.gov, last visited March 16, 2016), shows that the state court of appeals remitted the case on August 31, 2001. Petitioner had 30 days in which to petition the Wisconsin Supreme Court for review, Wis. Stat. § 808.10, which it appears he did not do. Therefore, his petition became final on September 30, 2001, which was the date on which his time for seeking direct review expired. This meant that his deadline for filing a federal habeas petition was one year later, September 30, 2002.

Petitioner did not file this habeas petition until nearly 12 years later, on August 11, 2014. Thus, his petition is untimely unless he can establish that this court should use one of the alternative dates set forth in subsections (B) through (D) as the start of his one-year limitations period. (Petitioner's 2002 federal habeas petition does not affect the time calculation because time is not tolled while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 172 (2001)). There is nothing in the petition to suggest that there was any state-created impediment to petitioner filing his petition earlier or that any of his claims depend upon a newly-recognized, retroactive constitutional right. Therefore, the only subsection that could possibly apply is § 2244(d)(1)(D), which starts the one-year period on the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. Petitioner does say that he did not learn of the "deficiencies/wrongs" that he asserts in his petition until "after the fact", Dkt. 1, at 5-11, but he does not say when he discovered them nor what prevented him from discovering them earlier. Therefore, there is no basis to find the petition timely under § 2244(d)(1)(D).

Thus, the petition seems to be untimely unless there is time that can be excluded by virtue of statutory or equitable tolling. Pursuant to 28 U.S.C. § 2244(d)(2), time is tolled—that is, it does not count against the one-year statutory period—while a properly filed application for postconviction relief is pending in state court. That provision does not help petitioner because he did not file any motions for postconviction relief in the state courts until July 2014, well after his federal limitations period had expired. Once expired, there was no longer any time to which the tolling provision could apply.

Pursuant to *Holland v. Florida*, 560 U.S. 631, 649 (2010), the statute of limitations is also subject to equitable tolling, but only if the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Again, there is simply not enough information in the petition to support either of these findings.

Finally, petitioner's last chance to avoid the one-year time limit is to argue for an equitable exception to § 2244(d)(1) based on a claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. ——, 133 S. Ct. 1924, 1931 (2013) (describing difference between equitable excuse that permits extending a time limit and equitable exception that renders a time limit inapplicable). To qualify for this narrow exception, petitioner must "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Petitioner must show that "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006), quoting *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 133 S.Ct. at 1935; *Gladney v. Pollard*, 799 F.3d 889, 896

4

(7th Cir. 2015). To be "new," the evidence need not be "newly discovered" but must be evidence that was not presented at trial. *Gladney*, 799 F.3d at 898.

Although petitioner asserts generally that he is innocent, he does not explain the basis for this assertion or provide any evidence in support of it, much explain why, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Such vague assertions of innocence are far too conclusory to permit this court to find that petitioner meets the actual innocence gateway and thereby to excuse his late federal habeas petition.

Accordingly, it seems likely that the petition is untimely. Before dismissing the petition on that ground, however, I will allow the petitioner the opportunity to respond to this order and to show cause why his petition should not be dismissed. In his response, petitioner should provide any information he has to show, in accordance with the authorities cited above, either (1) that the petition is timely under § 2244(d), (2) that he qualifies for equitable tolling, or (3) that he should be excused from the one-year limitations period because he is actually innocent.

In addition, petitioner must supplement his petition by fully explaining each ground on which he seeks relief and state the facts supporting each ground. For each ground, he should explain what happened in his criminal proceedings that violated his rights.

If petitioner fails to file a response that complies with this order, his petition will be dismissed.

ORDER

IT IS ORDERED that:

1. Petitioner Daniel Fuerst is directed to show cause why his petition should not be dismissed. Petitioner may have until April 25, 2016, to file his response. In his response, petitioner must:

    a. Provide any information he has to show (1) that the petition is timely under § 2244(d), (2) that he qualifies for equitable tolling, or (3) that he should be excused from the one-year limitations period because he is actually innocent; and

    b. Fully explain each ground on which he seeks relief and state the facts supporting each ground.

2. If petitioner fails to comply with this order, his petition will be dismissed.

Entered April 4, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge